In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-4164

HOUSING AUTHORITY RISK
RETENTION GROUP, INC.

*Plaintiff-Appellee*,

*v.*

CHICAGO HOUSING AUTHORITY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 4474—**Rebecca R. Pallmeyer**, *Judge*.

ARGUED MAY 28, 2004—DECIDED JULY 28, 2004

Before BAUER, RIPPLE, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. Defending oneself from a large-scale class action lawsuit is a costly task. And so it comes as no surprise that these two parties are before us to determine who should foot the bill for the defense of a 1999 lawsuit filed by approximately 10,000 current or former Chicago Housing Authority (CHA) residents who claimed they have been exposed to and harmed by environmental contaminants while living on CHA's public housing property. The Housing Authority Risk Retention Group, Inc. (HARRG), a risk retention group made up of various hous-

ing authority members, asserts that it has neither the duty to defend nor indemnify CHA in the underlying environmental litigation.

HARRG provided commercial general liability coverage to the CHA from June 1, 1987, through July 31, 1998, under separate annual policies. Each of the policies provided, among other coverage, coverage and defense for "bodily injury" claims subject to a limit of $5 million per occurrence per policy year. Bodily injury, included, among other things, sickness, disease, death, mental anguish, and mental injury, and HARRG does not dispute that the class action plaintiffs' allegations of bodily injury and mental anguish fell within this definition. HARRG filed the underlying action against CHA seeking a declaratory judgment that it has no duty to defend or to indemnify CHA with respect to the underlying litigation, because, as HARRG argues, the claims asserted by the plaintiffs in the underlying class action are not covered by the policy.

The district court concluded that the policy language included what amounted to an "absolute pollution exclusion," that is, an exclusion that bars coverage for all claims for pollution, whether or not the contaminants originated on the insured's property, and consequently granted HARRG's motion for judgment on the pleadings. *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, No. 02 C 4474, slip op. at 7, 16 (N. D. Ill. Sept. 30, 2003).

CHA objects to the district court's finding and further argues that the district court failed to address potential injury claims arising out of off-site exposure, did not address claims that the CHA improperly sited Altgeld Gardens, and did not address claims arising from "environmental discrimination," and other nontraditional environmental claims. To the contrary, these claims were adequately addressed when the district court concluded that the insurance policies contained an absolute pollution

exclusion which applies regardless of the origin of the pollution or the identity of the polluter. *Id.* slip op. at 7. Furthermore, after considering all of the claims, the district court concluded that the "the type of pollution alleged in the underlying litigation does constitute 'traditional environmental contamination,'" to which the absolute pollution exclusion would apply. *Id.* slip-op. at 11-12.

Because the district court issued a thorough and well-reasoned memorandum opinion and order, we adopt the reasoning of the district court's September 30, 2003 Memorandum Opinion and Order addressing those claims challenged on appeal and AFFIRM the judgment of the district court. A copy of the district court's order is attached.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*